**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

LARRY CLAYTON,
ADC #122838                                                                                                   PLAINTIFF

V.                                    5:12-cv-00284-KGB-JJV

JOE PAGE, Warden, Varner Unit,
Arkansas Department of Correction; *et al*.                            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

    1.      Why the record made before the Magistrate Judge is inadequate.

    2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.      The details of any testimony desired to be introduced at the new hearing in the form

1

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. INTRODUCTION

Plaintiff, Larry Clayton, a state inmate at the Wrightsville Unit of the Arkansas Department of Correction (ADC), filed this *pro se* action pursuant to 42 U.S.C. § 1983 against Defendants, seeking damages for the destruction of his property and an improper disciplinary conviction. After carefully reviewing Plaintiff claims, the Court concludes the Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### II. SCREENING

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a *pro se* complaint under § 1915(e)(2)(B), the court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). But regardless whether a plaintiff is represented or appearing *pro se*, the complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Twombly*, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly,* 550 U.S. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Id*. at 556-7.

**III.    ANALYSIS**

Title 42 U.S.C. § 1983 was enacted to allow plaintiffs to enforce constitutional rights against defendants who have violated their rights while acting under color of state law. *Griffin-El v. MCI Telecommunications Corp.*, 835 F.Supp. 1114, 1118 (E.D. Mo. 1993). The law reads as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction

3

>thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983.

Here, Plaintiff complains that Defendants improperly confiscated and destroyed three silver rings and then filed a disciplinary charge against him for possession of contraband (Doc. No. 2 at 4). Plaintiff asks the Court for damages for his destroyed property and for the "hardship" suffered from his disciplinary (*Id.* at 5). He also alleges in attachments to his Complaint that his due process rights were violated because the disciplinary filed against him was not timely written and received, and that it was not written according to policies and procedures (*Id.* at 7, 19).

Plaintiff's claim for damages for the destroyed property fails to state a claim upon which relief may be granted. When a state actor deprives an individual of personal property, the individual does not have a § 1983 claim if the state law provides adequate post-deprivation remedies. *Hudson v. Palmer*, 468 U.S. 517, 536 (1984). The State of Arkansas provides such remedies through the Arkansas Claims Commission. *See* ARK. CODE ANN. § 19-10-204.[1]

In addition, Plaintiff's due process challenge to his disciplinary conviction fails because it is clear from the record that "some evidence" existed to support it. *See Superintendent v. Hill*, 472 U.S. 445, 455 (1985), and *Goff v. Dailey*, 991 F.2d 1437, 1440 n.5 (8th Cir. 1993). In *Hill*, 472 U.S.

---

[1]Plaintiff attaches a copy of a complaint he filed with the Arkansas Claims Commission (Doc. No. 2 at 6), and a letter from the Commission returning his complaint for jurisdictional reasons (correspondence in file). In the complaint, Plaintiff did not request compensation for the value of his destroyed property, and instead, argued that Defendants violated due process by confiscating and destroying his property and subsequently charging him with a disciplinary violation. (Doc. No. 2 at 6.)

4

at 455, the Court held that federal courts should defer to the judgment of prison officials as long "as some evidence" supports the disciplinary conviction, and due process requirements are satisfied, as set forth in *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).[2] In this case, Plaintiff does not claim he was denied notice, the opportunity to be heard, or the reasons for his conviction. Rather he challenges prison officials' failure to follow ADC policies and procedures. This does not constitute a federal due process violation. *Williams v. Nix*, 1 F.3d 712, 717 (8th Cir. 1993). Moreover, Plaintiff does not deny that he was in possession of the property which was confiscated.

The record reveals the disciplinary hearing officer relied on a staff report to support the conviction (Doc. No. 2 at 11), which the Court finds to be "some evidence." *See Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008). Therefore, the Court finds that Plaintiff's allegations fail to support a due process claim for relief against Defendants.[3]

## VI. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint against Defendants be DISMISSED for failure to state a claim.

2. This dismissal constitute a "strike" within the meaning of the Prison Litigation

---

[2]Those requirements are that the inmate must receive: (1) written notice of the disciplinary charges at least 24 hours prior to the hearing; (2) the opportunity to call witnesses and present evidence in his defense; and (3) a written statement from an impartial decision maker which identifies the evidence relied on and the reasons supporting the action. *Wolff*, 418 U.S. at 563-67.

[3]While it is not clear whether Plaintiff lost good time credit as a result of his disciplinary conviction, the Court notes that an inmate cannot recover damages in a § 1983 action for an alleged invalid disciplinary conviction which resulted in the loss of good time if a judgment in his favor would necessarily imply the invalidity of the conviction, continued imprisonment or sentence, unless the conviction is reversed, expunged or called into question by issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-7 (1994), and *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

Reform Act (PLRA), 28 U.S.C. § 1915(g).[4]

    3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations would not be taken in good faith.

    IT IS SO RECOMMENDED this 6th day of August, 2012.

                                               _____
                                               JOE J. VOLPE
                                               UNITED STATES MAGISTRATE JUDGE

---

[4] The statute provides that a prisoner may not file an *in forma pauperis* civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.